UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

CHRISTOPHER SMITH                                                                           PLAINTIFF

v.                                                                      CIVIL ACTION NO. 4:16CV-P62-JHM

HENDERSON COUNTY JAIL *et al*.                                                   DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Christopher Smith, a prisoner proceeding *in forma pauperis*, filed the instant *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1).  Thereafter, Plaintiff filed a second complaint alleging almost identical facts as the present complaint.  That second complaint was assigned a separate case number.  *See* Civil Action No. 4:16CV-P98-JHM.  The court in that case concluded that the two cases contain common questions of law and fact and ordered that the cases be consolidated (DN 11).  The second complaint was filed in the present case as an amended complaint (DN 12).  The complaint and amended complaint are presently before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons that follow, this action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff names two Defendants in this action.  The first Defendant is Henderson County Jail (HCJ).[1]  The second Defendant is Southern Health Partners (SHP).  Plaintiff sues these Defendants in their individual and official capacities.  As relief, he seeks monetary damages and "release [from] illegal detention."

---

[1] Plaintiff refers to this Defendant by two different names, Henderson County Jail and Henderson Detention Center. The Court will refer to this Defendant in the name Plaintiff used in the first-filed complaint.

Plaintiff states that on April 25, 2016, he was charged with assault on a deputy. Plaintiff states that the HCJ did not investigate the incident or give him a fair hearing, and they just "took the word of the [deputy] nothing was recorded on video or audio." Plaintiff states that the deputy "was using excessive force he didn't go by protocal . . . ." Plaintiff asserts that he has the right to a fair hearing.

Plaintiff raises another event in the complaint and amended complaint. As to this event, Plaintiff states that on or about May 2, 2016, he was given the wrong medication by the nurse. Plaintiff states that he asked what the medication was for, and the nurse said that she did not know. Plaintiff states "duty Willet told me what it was so I took it I thought the mental Health Doctor issued the medication." Plaintiff states that after he took the medication he "went to sleep around 11:30-1200pm." Plaintiff continues stating that "Duty Johnson asked if [he] wanted a shower." Plaintiff states that he attempted to take a shower, but he collapsed on the floor and hit his head. According to Plaintiff,

> Duty Johnson tempted to get [him] up and [he] calpsed for the second time then four Duty and the nurse had to get me up then they put me in a wheelchair took me to the nurse station my blood pressure drop way down I was never saw a Doctor they didn't take me to me Hospital to check my head now I'm Having memory lost headackes most of the day blood pressure goes up and down breathing not right and it all on camera at H.C.D.C. fausility they trying to cover it up.

Plaintiff further states that he was seen by a doctor three weeks later "and was notified that [he] was giving another inmate medication, and that they was sorry." Plaintiff states that he "almost died here in the jail due to this mistake." Plaintiff states that the jail has 700 inmates, but only holds 500 so "you are going have these problems." He contends that his constitutional right was violated.

2

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 90 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the district court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

3

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. LEGAL ANALYSIS

#### A. *Individual-Capacity Claims*

Individual-capacity suits, also known as personal-capacity suits, "seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  The individual-capacity designation is not applicable to a Defendant which is not an individual since no personal liability is involved.

Accordingly, the individual-capacity claims against HCJ and SHP will be dismissed for failure to state a claim.

#### B. *Official-Capacity Claims*

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)).  HCJ is not a "person" subject to suit; thus, suing Defendant HCJ is the equivalent of suing Henderson County.  *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (finding that the jail "is not an entity subject to suit under § 1983"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Bradford v. Hammond*, No. Civ.A.3:05CVP459-H, 2005 WL 2739154, at *2 (W.D. Ky. Oct. 21, 2005) (construing a claim against Louisville Metro Corrections as one brought against Louisville/Jefferson County Metro Government).

4

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The same municipal-liability analysis applies to § 1983 claims against a private corporation like Defendant SHP. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("'*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.'") (quoting *Harvey v. Harvey*, 949 F. 2d 1127, 1129 (11th Cir. 1992)). Liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training." *Id.* at 817; *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights."). The Court will first address the second issue, *i.e.*, whether Defendants are responsible for the alleged constitutional violations.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cty.,*

*Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that a municipal policy or custom of Henderson County or a policy or custom of SHP caused his alleged harm. As nothing in the complaint demonstrates any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by either Henderson County or SHP, the complaint fails to establish a basis of liability against HCJ and SHP, and it fails to state a cognizable § 1983 claim.

Accordingly, the official-capacity claims brought against Defendants HCJ and SHP will be dismissed for failure to state a claim.

### IV. CONCLUSION

For the reasons stated above, this action will be dismissed by separate Order.

Date: October 5, 2016

*[signature]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.003